UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF THE STATE OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | Civil Action No. |
| ) | 2:24-cv-00036-RWS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CAMERON CHEEKS, ) | |
| ) | |
| Defendant ) | |

## MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

Plaintiff respectfully requests permission to proceed with this action under a fictitious name. This case arises from Plaintiff's rape by an alleged serial rapist previously employed by the Department of Corrections. Publicizing Plaintiff's name along with the details of Defendant's actions would disclose highly sensitive personal information about Plaintiff, which will amplify the psychological harm caused by Defendant and subject her children to social stigma. As discussed more fully below, permitting Plaintiff to proceed anonymously would not prejudice Defendant.

## I.     FACTUAL BACKGROUND

Plaintiff is the mother of four minor children, the youngest of which is not yet two years old. Because of past sexual abuse at the hands of her family, she has

been diagnosed with Post-Traumatic Stress Disorder. She is filing this lawsuit because she was the victim of a brutal rape at the hands of another authority figure – a detention officer at a Georgia prison.

Plaintiff is currently under the care of a psychiatrist and therapist, and receives medication for her mental health. While she will necessarily relive some of the trauma she experienced in the course of the lawsuit, exposing her to additional public scrutiny will negatively impact her mental health, and interfere with her treatment.

Plaintiff and her family live in a small rural community. The facility where Defendant worked has been under media scrutiny in the past.[1] The stigma of being raped projects negatively unto victims but publishing Doe's name will unfairly project this stigma onto her children if media reprint her story or if members of their community simply search her name on the internet.

---

[1] *See, e.g.*, Matthew Osborn, *Lee Arrendale State Prison sees fourth sex assault arrest of 2020*, WHITE COUNTY NEWS (May 29, 2020), https://www.whitecountynews.net/local/lee-arrendale-state-prison-sees-fourth-sex-assault-arrest-2020?check_logged_in=1; Jennifer Peebles and Danny Robbins, *Georgia prison employees arrested for drug crimes, battery, sexual assault of inmates*, Atlanta Journal-Constitution (Aug. 11, 2022), https://www.ajc.com/news/georgia-news/georgia-prison-employees-arrested-for-drug-crimes-battery-sexual-assault-of-inmates/C7K4ZWGOJVG35HMVZOECMDJ2UU/#.

Although the facts contained the complaint will identify her to the Defendant,[2] her counsel will disclose her identity to Defendant.

## II.   ARGUMENT

In determining whether to grant leave to proceed under a pseudonym, a court "should carefully review all the circumstances of a given case." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.*; *see also Plaintiff B v. Francis*, 631 F.3d 1310 (11th Cir. 2011) (reversing denial of motion to proceed anonymously, for abuse of discretion).

Relevant factors for this Court to weigh include whether (i) the plaintiff is challenging governmental activity; (ii) the issues involved are of a "highly sensitive" nature; (iii) the litigant may be subjected to "social stigma" or "physical harm" as a result of the information disclosed; and (iv) anonymity would prejudice the defendants or harm the public. *Frank*, 951 F.2d at 323. The balance in this case weighs heavily in favor of protecting the Plaintiff's privacy.

---

[2] Defendant is currently awaiting trial on allegations that he raped or sexually assaulted three women at the prison, so he is aware of the distinct allegations arising in this case. Her information is protected in that prosecution under Georgia's Rape Shield law. O.C.G.A. § 16-6-23.

a. *Publicizing Plaintiff's name will amplify the psychological harm caused by Defendant*

Plaintiff still suffers from the ongoing psychological trauma caused by Defendant's violent, sexual act. Publishing her name amplifies the harm she experienced at the hands of the Defendant. This is, in part, why Georgia and other states enact rape shield laws that prevent media disclosure and why grantees of federal funding under the Violence Against Women Act are required to maintain confidentiality of the people with whom they work.[3] This Court possesses the discretionary power to protect this information and prevent Defendant's rape from becoming linked with Plaintiff on the internet and increasing the trauma caused by Defendant. *Compare Plaintiff B v. Francis*, 631 F.3d 1310, 1317-18 (11th Cir. 2011) (granting anonymity and discussing how publishing the names of the plaintiffs could increase demand for the pornographic videos still available on the internet and increased the psychological harm of being labeled a "slut") with *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 637 (M.D. Fla. 2023) (granting request for anonymity where publication of the Plaintiff's name in connection to the case would amplify the harm caused by the Defendant's defamation).

---

[3] *Compare* O.C.G.A. § 16-6-23 (making it illegal to disseminate the name of a rape victim) *with* 34 U.S.C.A. § 12291(b)(2) (conditioning grants on nondisclosure of personally identifying information). Confidentiality under these laws serve other purposes, too, such as preventing stalking and future violence by the accused.

b. *Plaintiff's family will be subject to social stigma.*

Requiring Plaintiff to use her full name would lead to the disclosure of highly sensitive personal information about her rape while incarcerated, which would subject her and her minor children to undue social stigma. Plaintiff has not publicized the incident,[4] and her children do not know that it happened.

If Ms. Doe is required to use her name, teachers, neighbors, and her children's classmates could easily find the complaint by a simple internet search,[5] forcing Doe to discuss this painful and intimate incident, including the physical injuries she suffered with her minor children, and creating an environment where her children are exposed to the judgments of the community for their mother's traumatic experience.

Even if Plaintiff's name is not Googled by people in her community, the media attention around the case could subject her family to the same stigma. Her rapist is accused of assaulting two other women at an all-women's prison. The

---

[4] By contrast, Courts will reject claims where the plaintiff's identifying information is already in the public domain. *Doe v. Wyndham Vacation Ownership, Inc.*, 6:23-CV-1104-RBD-DCI, 2023 WL 5417193, at *1 n.1 (M.D. Fla. Aug. 22, 2023) (denying sexual assault victim's motion for anonymity where plaintiff "voluntarily posted her allegations on social media") *and see Rowe v. Burton*, 884 F. Supp. 1372 (D. Alaska 1994) (denying motion by Plaintiffs who challenged Alaska's sex offender registry because their information was already publicly available).
[5] *See Doe v. Neverson*, 820 Fed. Appx. 984 (11th Cir. 2020) (remanding to the trial court for further consideration after noting that the trial court had discounted the internet's role in disseminating information that can lead to social stigma where the plaintiff was threatened online).

Case 2:24-cv-00036-RWS   Document 3   Filed 02/23/24   Page 6 of 8

prison has been the subject of investigatory reporting, and similar incidents in the past have brought media scrutiny. Her lawsuit could bring more media attention to a long-standing problem, but she should not be required to sacrifice the privacy of her children.

     c. *Neither the Defendant nor the public would be harmed by permitting Plaintiff to proceed pseudonymously.*

Plaintiff will ensure that Defendant has the information needed to mount a defense, and there will be a trial open to the public at the end of the case. Plaintiff only seeks to restrict the use of her name in pre-trial filings.

## III.   CONCLUSION

Because the use of Doe's name would amplify the harm caused by Defendant and subject her family to social stigma, Plaintiff requests this Court grant her motion to file anonymously.

Respectfully submitted this 23rd day of February, 2024.


**Jeff Filipovits**
Jeff Filipovits
Georgia Bar No. 825553

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404-905-2225
jeff@civil-rights.law
wingo@civil-rights.law

**Wingo F. Smith**
Wingo F. Smith
Georgia Bar No. 147896

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

This 23rd day of February, 2014.

<u>**Jeff Filipovits**</u>
Jeff Filipovits
Georgia Bar No. 825553

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404-905-2225
jeff@civil-rights.law