**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

JANE DOE,

            Plaintiff,

            v.

CAMERON CHEEKS,

            Defendant.

Civil Action No.

2:24-cv-36-RWS

## **ORDER**

This case comes before the Court on Plaintiff Jane Doe's ("Doe")

Unopposed Motion for Leave to Proceed Pseudonymously. [Dkt. 3]. Doe contends

that "[p]ublicizing [her] name along with the details of Defendant's actions would

disclose highly sensitive personal information about [herself]," thereby

"amplifying [her] psychological harm" and "subjecting her children to social

stigma." [Id. at 1].

Doe initiated the instant action, alleging that she is the victim of a rape

conducted by a detention officer at a Georgia prison. [Id. at 2]. Doe is the mother

of four minor children. [Id.]. She and her family live in a "small rural community."

[Id. at 2]. Because of alleged past sexual abuse at the hands of her own family, Doe

allegedly suffers from Post-Traumatic Stress Disorder. [Id. at 1–2]. And though she is currently receiving care from her psychiatrist and therapist, Doe contends that revealing her real name will disclose highly sensitive personal information about her rape, thereby inviting "additional public scrutiny" that will "negatively impact her mental health, and interfere with her treatment." [Id.]. Doe further contends that publicizing her name would "subject . . . her minor children to undue social stigma." [See id. at 2, 4]. Doe alleges her four children do not yet know of the facts underlying Doe's alleged rape. [Id. at 5]. And according to Doe, the facility where Defendant worked has received media attention before. [Id. at 2 n.1].

Federal Rule of Civil Procedure 10(a) requires that every pleading in federal court "must name all the parties." FED. R. CIV. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992). Nonetheless, "[a] party may proceed anonymously in a civil suit in federal court by showing that he 'has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings."'" Plaintiff B v. Francis, 631 F.3d 1310, 1315–16 (11th Cir. 2011) (quoting Frank, 951 F.2d at 323).

"Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" Doe v. Neverson, 820 F. App'x 984, 986 (11th Cir. 2020). The Eleventh Circuit has identified at least three factors to consider in determining whether a party should be permitted to proceed anonymously: "(1) whether a party is 'challenging government activity,' (2) whether the party "would be compelled, absent anonymity, to disclose information of the utmost intimacy," or (3) "would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." Id. Along with these factors, a court should also "carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Id. While "personal embarrassment" alone is "not enough to warrant proceeding anonymously in sexual assault cases," "social stigma" may be "sufficient to warrant proceeding anonymously." Id. at 987–88.

Applying these principles here, the Court finds that the factors weigh in favor of permitting Doe to proceed anonymously. Here, Doe has alleged more than just mere "personal embarrassment." Doe alleges that she and her family live in a "small rural community." [Dkt. 3, at 2]. And according to Doe, the facility where Defendant worked has received media attention related to sexual assault in the

3

past. [Dkt. 3, at 2 n.1]. Furthermore, the alleged rape is alleged to have occurred while Doe was incarcerated. [See id. at 5; see Dkt. 1, at 1]. Therefore, the risk that Doe might encounter or be subject to social stigma is non-trivial. In addition, Doe allegedly suffers from ongoing psychological trauma, not only because of the underlying rape at issue in this case, but also because of "past sexual abuse at the hands of her family." [See id. at 1–2]. As a result, Doe allegedly takes medication and is under the care of a psychiatrist and therapist. [Id. at 2]. Doe also alleges that she is the mother of four children, all of whom are minors, and all of whom are unaware of the underlying facts surrounding their mother's alleged rape. [Id. at 1, 5]. Therefore, the Court finds that the social stigma that Doe may be subjected to if she does not proceed anonymously rises to a level sufficient to overcome the presumption of openness in court proceedings. Lastly, the Defendant here has not raised any objections to Doe's Motion. Therefore, the Court finds that Doe is entitled to proceed anonymously at this stage of the litigation.

Accordingly, Plaintiff Jane Doe's Unopposed Motion for Leave to Proceed Pseudonymously, [Dkt. 3], is **GRANTED**.

**SO ORDERED** this 20th day of March, 2024.

_____
**RICHARD W. STORY**
United States District Judge

4