UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| JANE DOE, | )<br>)<br>) |
| Plaintiff, | ) Case No.<br>) 2:24-cv-36-RWS |
| v. | )<br>) |
| CAMERON CHEEKS, | )<br>) |
| Defendant | ) |

**Joint Preliminary Report and Discovery Plan**

1. **Description of Case:**

    (a) Describe briefly the nature of this action.

    Plaintiff brings one claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment. Plaintiff claims that Defendant Cameron Cheeks, while acting in his role as a corrections officer at Lee Arrendale State Prison, raped her.

    (b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

    Plaintiff:

    Defendant Cheeks was a corrections officer at Lee Arrendale State Prison. On or about December 5, 2022, he was assigned to the housing unit where Plaintiff was housed. That day, Defendant Cheeks removed Plaintiff under the

pretense that she would go to the showers. While transporting Plaintiff, he took her to a location where he then raped her.

<u>Defendant:</u>

Defendant Cheeks denies that he engaged in any conduct that violated Plaintiff's Eighth Amendment rights, and that if Plaintiff suffered any injuries they were de minimus.

    (c)    The legal issues to be tried are as follows:

- **Whether Defendant is liable to Plaintiff for the violation of her Eighth Amendment rights;**
- **Whether Plaintiff is entitled to damages and, if so, in what amount;**
- **Whether Plaintiff's claims are barred by any of the defenses raised by Defendant.**

    (d)    The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

**State of Georgia v. Cheeks, Superior Court of Habersham County, case no. 23CR123WO.**

(2) Previously Adjudicated Related Cases: **None.**

**2.    This case is complex because it possesses one or more of the features listed below (please check):**

    \_\_\_\_\_ (1) Unusually large number of parties
    \_\_\_\_\_ (2) Unusually large number of claims or defenses
    \_\_\_\_\_ (3) Factual issues are exceptionally complex
    \_\_\_\_\_ (4) Greater than normal volume of evidence

\_\_\_\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_x\_ (7) Pending parallel investigations or action by government
\_\_\_\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_\_\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. **Counsel:**

   The following individually-named attorneys are hereby designated as lead counsel for the parties:

   Plaintiff: **Jeff Filipovits, Wingo Smith**

   Defendant: **Charles E. Cox, Jr.**

4. **Jurisdiction: Is there any question regarding this Court's jurisdiction? \_\_\_\_Yes \_X\_ No**

   If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined: **None.**

   (b) The following persons are improperly joined as parties: **None.**

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**Upon discovery, there may be additional parties that Plaintiff will seek to amendment of her complaint. To whatever extent it is necessary to amend any pleading, the parties will seek leave to amend under Fed. R. Civ. P. 15.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.
(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties do not object to Initial Disclosures. The parties have agreed to exchange initial disclosures on Wednesday, April 24, 2024.**

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference.**

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:

**Due to the ongoing criminal prosecution of Defendant Cheeks, the parties request an eight month discovery period. The parties seek discovery on all matters raised in Plaintiff's complaint and the defenses raised in Defendant's Answer.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**The parties agree that discovery material (both requests and responses) may be served via electronic means and that neither party requires service via U.S. mail. The parties agree that they will share an obligation to acknowledge receipt of any emailed discovery by responding to that email. The parties further agree that, upon request, for any discovery served via electronic means three days shall be added to time for any necessary response as set forth in Fed. R. Civ. P. 6(d).**

**The parties agree that whenever a party receives materials from third parties in response to either an open records act request or a third party subpoena, that such party receiving the materials shall promptly provide a copy of said response to the other party. Furthermore, the parties reserve the right to request that any party producing who has produced discovery responses via electronic means to also supply a physical copy of those responses. The parties agree to comply with any such request for physical production within seven days.**

  (b) Is any party seeking discovery of electronically stored information? \_\_\_X\_\_\_ Yes _____ No If "yes,"

  (1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties do not believe any limitation is necessary at this point because they do not anticipate that the requests ESI involved in this case will involve any complications beyond those of ordinary discovery.**

  (2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties may produce electronic information in PDF format. The parties reserve the right to seek electronic information through any additional manner, including but not limited to the original native and unaltered format which preserves all metadata and other information.**

**For any data that cannot be exported in PDF or native format, that data should be exported to a CSV or plain text file which preserves all data. For any electronic evidence which requires a proprietary or specialized software, to view or play (e.g., video evidence), the parties agree to produce a copy of that software.**

(3) In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**The parties have come to an agreement in principle regarding the discovery of electronically stored information; therefore, the parties do not request a scheduling conference.**

12. **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Plaintiff has proposed a protective order for her medical and personally-identifying information and the parties are in the process of conferring about the terms of that proposed order.**

13. **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **May 12, 2024**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): **Jeff Filipovits**
**Wingo F. Smith**

　Other participants: None

For defendant: Lead counsel (signature): **Terry Long**
**Charles E. Cox, Jr.**


　Other participants: None

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:
(__x_) A possibility of settlement before discovery.
(____) A possibility of settlement after discovery.
(____) A possibility of settlement, but a conference with the judge is needed.
(____) No possibility of settlement.

(c) Counsel(__X__) do or (____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is not yet determined.

(d) The following specific problems have created a hindrance to settlement of this case.

**None.**

**14. Trial by Magistrate Judge: Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United

States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (__**X**__) do not consent to having this case tried before a magistrate judge of this Court.

Signed on May 24, 2024.

| | |
|---|---|
| **Jeff Filipovits**<br>Georgia Bar No. 825553<br>**Wingo F. Smith**<br>Georgia Bar No. 147896<br><br>Attorneys for Plaintiff Jane Doe<br><br>SPEARS & FILIPOVITS, LLC<br>315 W. Ponce de Leon Ave., Ste. 865<br>Decatur, GA 30030<br>(404) 905-2225<br>jeff@civil-rights.law<br>wingo@civil-rights.law | /s Charles E. Cox, Jr.<br>**Charles E. Cox, Jr., LLC**<br>Ga. Bar No. 192305<br>Post Office Box 67<br>Macon, Georgia 31202-0067<br>Telephone: (478) 757-2990<br>Facsimile: (478) 757-2991<br>E-mail: Charles@cecoxjr.com<br><br>**Attorney for Cameron Cheeks** |

* * * * * * * * * * * * *

SCHEDULING ORDER

      Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

      IT IS SO ORDERED, this ____ day of _____, 2024.

                                      _____

                                      UNITED STATES DISTRICT JUDGE